T.C. Memo. 2001-95

UNITED STATES TAX COURT

JAIME PENA and VERNA ANN PENA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17613-99.                    Filed April 17, 2001.

Jaime Pena, pro se.

<u>Usha Ravi</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $7,054 in petitioners' 1996 Federal income tax.

The issue for decision is whether certain distributions from
an individual retirement account are includable in petitioners'
1996 income.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a timely joint Federal income tax return for 1996. At the time the petition was filed, petitioners resided in Danville, California. References to petitioner are to Jaime Pena.

Petitioner is an attorney licensed to practice in California. Prior to the year in issue, he was employed as an attorney by Jaime Pena Professional Corp. (the corporation). Effective as of September 1, 1982, for petitioner's benefit and with petitioner as trustee, the corporation established a defined benefit single-employer plan entitled the Jaime Pena A P.C. Defined Benefit Plan (the plan). The plan was a qualified pension plan within the meaning of section 401(a).[1]

Over the years, the corporation made contributions to the plan on petitioner's behalf and claimed deductions for those contributions on its corporate Federal income tax returns. None of the contributions were includable, or were included in petitioners' income for any period. Petitioner never made any contributions to the plan.

The plan maintained a brokerage account with Kidder, Peabody & Company (the Kidder account), but investment decisions were

_____

[1] Section references are to the Internal Revenue Code, as amended, in effect during the relevant period.

made by petitioner as trustee of the plan.  In June 1987, on petitioner's behalf and at his direction, the plan invested $25,972.82 in corporate securities.  During 1990, the plan was terminated and the proceeds of the Kidder account were transferred (rolled) into an individual retirement account at Daking Securities Corporation (the IRA).  The IRA was established for the benefit of petitioner, who as its custodian, directed how IRA funds were to be invested.  Petitioners did not include any of the proceeds rolled over from the Kidder account to the IRA in their 1990 income.

During 1996, petitioner, who was 49 years old as of the close of that year, received distributions totaling $21,700 from the IRA (the IRA distributions).  Petitioners did not include any of the IRA distributions in the income they reported on their 1996 Federal income tax return, which includes a Schedule D, Capital Gains and Losses.  Nothing on the return suggests that any of the transactions listed on the Schedule D relate to investments of the plan or the IRA.

In the notice of deficiency, respondent determined that the IRA distributions received by petitioner in 1996 are includable in petitioners' income for that year.  Other determinations made in the notice of deficiency are not in dispute.

OPINION

In their petition, petitioners allege that the deficiency in this case is based upon respondent's "determination that petitioners could not take ordinary losses, in the year of distribution of all of the proceeds, on stock previously held in an exempt employees trust."  Petitioners are mistaken on this point.  As noted above, the deficiency in this case is based, in large part, upon respondent's determination that the IRA distributions received by petitioner in 1996 are includable in petitioners' income for that year.

Elsewhere in the petition, petitioners allege that during 1996 "the stock was sold at prices below what had been paid for it by the trust" and that the proceeds of the sale "were distributed to petitioners and nothing was left in the trust". According to the petition, the "aggregate of the proceeds was less than what had been contributed by the employer into the trust".  In their brief, petitioners argue that "investment losses were incurred by the plan" and therefore they "duly listed, on Schedule D, their investment losses exceeding gains incurred by the plan in 1996".

The allegations contained in the petition and the argument presented in petitioners' brief relate only to whether petitioners are entitled to a deduction for investment losses sustained by the plan; none of their allegations or arguments

address respondent's determination that the IRA distributions are includable in their 1996 income. Consequently, we consider petitioners to have conceded the correctness of that determination. Moreover, based upon the evidence presented, we are satisfied that petitioners' deemed concession is consistent with controlling law.[2] The IRA distributions are includable in petitioners' 1996 income, and respondent's determination in this regard is sustained.

Because respondent has not challenged any of the deductions taken on petitioners' 1996 return, we need not discuss the merits of petitioners' claim that respondent erred by disallowing the deduction for the plan's "investment losses" taken on that return.

---

[2] Distributions from an IRA are includable in the taxpayer's/distributee's income in accordance with sec. 72. See sec. 408(d). The IRA distributions were not received as an annuity by petitioner. Consequently, the distributions are includable in petitioners' income, except to the extent that any distribution, or any portion of any distribution, is allocable to petitioners' "investment in the contract." Sec. 72(e)(2).

Petitioners do not claim that petitioner made nondeductible contributions to the IRA. Consequently, we proceed as though his tax basis in the IRA were zero. Nor do petitioners claim, and nothing in the record suggests, that petitioners should otherwise be given credit for any investment in the IRA, within the meaning of sec. 72(e)(3)(A)(ii) and 72(e)(6). Consequently, the entire amount of the distribution is allocated to, and must be included in, petitioner's income. See sec. 72(e)(3)(A).

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.